IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARK VINCENT BECKER, #A4008102, | ) ) ) | Civ. No. 19-00290 JMS-RT |
| Plaintiff, | ) ) ) | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| vs. | ) ) | |
| JENIFER LOPEZ, CAROLINE MEE, MAUI CMTY. CORR. CTR., | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## ORDER DISMISSING COMPLAINT
## WITH LEAVE TO AMEND

Before the court is pro se Plaintiff Mark Vincent Becker's prisoner civil

rights Complaint brought pursuant to 42 U.S.C. § 1983. Becker alleges that

Defendants Maui Community Correctional Center ("MCCC"); MCCC physician,

Dr. Carolyn Mee; and MCCC nurse, Jenifer Lopez, violated his civil rights while

he was a pretrial detainee at MCCC. Becker is now incarcerated at the Halawa

Correctional Facility ("HCF").

For the following reasons, the Complaint is DISMISSED for failure to state

a colorable claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

Becker may file an amended pleading on or before July 26, 2019.

# I. STATUTORY SCREENING

The court must conduct a pre-Answer screening of all prisoners' pleadings pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under §§ 1915(e)(2) and 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The "mere possibility of misconduct" or an "unadorned, the defendant-unlawfully-harmed me accusation" falls short of meeting this plausibility standard. *Id.* at 678-79; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Specific facts are not necessary." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The court must accept the allegations of the complaint as true, *id.* at 94, and construe the pleading in the light most favorable to the plaintiff, *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint, *Lopez*, 203 F.3d at 1130, but if a claim or complaint cannot be saved by amendment, dismissal with prejudice is appropriate. *Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

///

///

///

///

## II.  BACKGROUND[1]

Becker complained of dizziness and headaches for approximately six weeks after he was admitted as a pretrial detainee at MCCC, in or about late 2017 or early 2018.[2]  Becker alleges these symptoms were caused by Dr. Mee's and Lopez's refusal to give him a full dosage of Coumadin, a blood thinner.  He claims that Dr. Mee and Lopez told him that MCCC policy requires that inmates receiving Coumadin are started on a lower dose that is slowly increased until it reaches the appropriate dosage level.  Becker says that Dr. Mee has no knowledge of cardiology, and asserts that this was confirmed by the "State[']s cardiologist visit (Aloha Cardiology)" and by the CAT Scan that he received on January 19, 2019, at the Pali Momi Medical Center, which revealed that he had suffered a stroke as a result of a blood clot.  Compl., ECF No. 1, PageID #4.  Becker does not allege when he suffered a stroke.  He seeks $500,000 in damages.

## III.  DISCUSSION

Becker brings this action pursuant to 42 U.S.C. § 1983.  He alleges Lopez and Dr. Mee violated his rights under the Eighth and Fourteenth Amendments.  To

---

[1] On screening, Becker's facts are accepted as true and construed in the light most favorable to him.  *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

[2] Becker received a CAT scan on January 19, 2019, one year after he began complaining of dizziness and headaches at MCCC.  *See* Compl., ECF No. 1, at PageID #4.

4

state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Section 1983 also requires an actual connection or link between a defendant's actions and the plaintiff's alleged deprivation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976); *May v. Enomoto*, 633 F.2d 165, 167 (9th Cir. 1980). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). A plaintiff must allege that he suffered a specific injury as a result of a particular defendant's conduct and an affirmative link between the injury and the violation of his rights.

## A.     Eleventh Amendment Immunity

Becker names Lopez in her individual and official capacities. The "Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v.*

*Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007); *Pennhurst State Sch. &*

*Hosp. v. Halderman*, 465 U.S. 89, 101-03 (1984); *Flint v. Dennison*, 488 F.3d 816,

824-25 (9th Cir. 2007). Official capacity defendants are subject to suit under

§ 1983 only "for prospective declaratory and injunctive relief . . . to enjoin an

alleged ongoing violation of federal law." *Oyama v. Univ. of Haw.*, 2013 WL

1767710, at *7 (D. Haw. Apr. 23, 2013) (quoting *Wilbur v. Locke*, 423 F.3d 1101,

1111 (9th Cir. 2005), *abrogated on other grounds by Levin v. Commerce Energy*

*Inc.*, 560 U.S. 413 (2010)); *see also Will v. Mich. Dep't of State Police*, 491 U.S.

58, 70-71 (1989) ("[A] suit against a state official in his or her official capacity is

not a suit against the official but rather is a suit against the official's office."); *Ex*

*parte Young*, 209 U.S. 123 (1908).

First, MCCC is a jail, not a legal entity or a "person" subject to suit under

§ 1983. *See Powell v. Cook Cty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993)

("Section 1983 imposes liability on any 'person' who violates someone's

constitutional rights 'under color of law.' Cook County Jail is not a 'person.'").

Second, Becker does not allege an ongoing constitutional violation or seek

prospective injunctive relief. And his transfer to HCF moots any claims that he

might assert for prospective injunctive or declaratory relief against Lopez in her

official capacity. *Pride v. Correa*, 719 F.3d 1130, 1138 (9th Cir. 2013) ("When an

inmate challenges prison conditions at a particular correctional facility, but has been transferred from the facility and has no reasonable expectation of returning, [his injunctive] claim is moot.") (citing *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991)).

Becker's damages claims against Lopez in her official capacity and all claims against MCCC are DISMISSED with prejudice.

**B.      Fourteenth Amendment:  Inadequate Medical Care**

As a pretrial detainee, Becker's claims are evaluated under the due process clause of the Fourteenth Amendment, rather than under the Eighth Amendment, which applies to convicted prisoners' claims.  *See Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (discussing the differing constitutional standards that apply to convicted inmates as opposed to pretrial detainees) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (holding due process requires that a pretrial detainee may not be punished prior to a lawful conviction)).

Prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995).  A prisoner may state a claim for inadequate medical care if the alleged treatment rises to the level of "deliberate indifference to

serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (discussing convicted inmate's medical care claims under the Eighth Amendment); *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018) (holding pretrial detainees' inadequate medical care claims are evaluated under an "objective deliberate indifference standard").

To state a plausible claim for inadequate medical care under the Fourteenth Amendment, a pretrial detainee must allege facts showing that: "(i) the defendant made an intentional decision with respect to the conditions under which [he] was confined; (ii) those conditions put [him] at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused [his] injuries." *Gordon*, 888 F.3d at 1125.

"With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the facts and circumstances of each particular case.'" *Castro*, 833 F.3d at 1071 (quoting *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)). The "'mere lack of due care by a state official' does

not 'deprive an individual of life, liberty, or property under the Fourteenth Amendment.'" *Id.* (quoting *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). A pretrial detainee plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.*; *Gordon*, 888 F.3d at 1125.

"Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106. Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm*, 680 F.3d at 1122-23 (9th Cir. 2012) (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Becker "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to

[his] health." *Snow*, 681 F.3d at 988 (citing *Jackson*, 90 F.3d at 332) (internal quotation marks omitted).

Becker's facts are insufficient to show that Dr. Mee or Lopez denied him adequate medical care with deliberate indifference to his serious medical needs. Their decision to slowly raise his Coumadin dosage does not appear objectively unreasonable on the bare facts that he alleges. Becker does not say that they were unresponsive to his complaints of dizziness or headaches, or that they failed to monitor his condition as they slowly raised his Coumadin dosage. He does not say how long it took before he was prescribed a full dosage of Coumadin, or whether his symptoms then abated. Nor does he allege when he had a stroke, making it difficult to conclude that their medical decision to slowly increase his Coumadin was the cause for his stroke. That is, the complaint does not allege facts regarding whether their decision put Becker at a substantial risk of suffering serious harm and was the cause of his stroke.

Rather, without more, it appears that Dr. Mee and Lopez took reasonable measures based on their medical expertise and knowledge to abate Becker's risk of stroke. Becker's disagreement with the care that they prescribed, without any supporting facts showing that such care was medically unsupported and reckless,

is simply his disagreement with their medical care and conclusion that such care harmed him.

Becker may be able to state a state-court claim for medical malpractice, or perhaps, negligence, although this is not certain on the facts asserted here. But he fails to state a federal § 1983 claim that Dr. Mee and Lopez acted with deliberate indifference to his health under the Fourteenth Amendment. *Gordon*, 888 F.3d at 1125. Count I is DISMISSED with leave granted to amend.

## IV. <u>LEAVE TO AMEND</u>

The Complaint is DISMISSED with leave granted to amend those claims that are dismissed without prejudice on or before July 26, 2019. The amended pleading must address and cure the deficiencies noted above. Becker may not expand his claims beyond those already alleged or add new claims, without explaining how those new claims relate to the claims alleged in the original Complaint, and how they are linked to his claims against the named Defendants.

In any amended pleading, Becker must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii, particularly LR10.3, which requires that an amended complaint be complete in itself without reference to any prior pleading. An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on

the court's prisoner civil rights form. An amended complaint supersedes the

preceding complaint. *See Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008

(9th Cir. 2015); LR99.7.10. Defendants not renamed and claims not realleged in

an amended complaint may be deemed voluntarily dismissed. *See Lacey v.

Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). If Becker fails to

timely file an amended complaint that cures the deficiencies in his claims noted in

this Order, this action may be automatically dismissed and may count as a "strike"

under 28 U.S.C. § 1915(g).[3]

## V.  CONCLUSION

(1)  The Complaint is DISMISSED for the reasons stated above, pursuant to

28 U.S.C. §§ 1915(e)(2) & 1915A(b)(1).

(2)  Becker may file an amended pleading as permitted by this Order on or

before July 26, 2019. Failure to timely file an amended pleading that cures the

deficiencies discussed herein may result in dismissal of this action without further

notice and result in a strike pursuant to 28 U.S.C. § 1915(g).

---

[3] 28 U.S.C. § 1915(g) bars a civil action by a prisoner proceeding in forma pauperis:

if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in
any facility, brought an action or appeal in a court of the United States that was
dismissed on the grounds that it is frivolous, malicious, or fails to state a claim
upon which relief may be granted, unless the prisoner is under imminent danger of
serious physical injury.

(3)  The Clerk is DIRECTED to send Becker a prisoner civil rights complaint form so that he may comply with the directions of this Order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 28, 2019.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Becker v. Lopez, et al.*, No. 1:19 cv 00290 JMS RT; Scrng '19 Becker19 290 jms  (pretr. MCCC, trsf HCF,14A med care)

13